UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ashley Green,

          Plaintiff,       Case No. 22-cv-11596

v.                              Judith E. Levy
                                United States District Judge

The Steelstone Group, LLC,

                                Mag. Judge Jonathan J.C. Grey

          Defendant.

_____/

**ORDER REQUIRING PLAINTIFF TO OBTAIN LOCAL COUNSEL AND PERMITTING PLAINTIFF TO FILE A RENEWED MOTION FOR ALTERNATIVE SERVICE**

On June 2, 2023, the Court ordered Plaintiff Ashley Green to show cause why the case should not be dismissed for failure to serve Defendant The Steelstone Group, LLC pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 24, PageID.227.) The Court also ordered Plaintiff to show cause why local counsel has not made an appearance in this case as is required under Eastern District of Michigan Local Rule 83.20(f). (*Id.*) Plaintiff responded on June 9, 2023. (ECF No. 25.)

Plaintiff's counsel, Mr. Kress, has failed to show why the case should not be dismissed for failure to serve Defendant within 90 days as

Federal Rule of Civil Procedure 4(m) requires. Mr. Kress states that it was his "understanding that the Court was aware of Plaintiff's service frustrations from the Hearing on Plaintiff's Motion for Default on May 25, 2023." (*Id.* at PageID.229.) He attaches a document showing his attempt at service through the New York Secretary of State in a different case. (ECF No. 25-1.) Mr. Kress states that "[t]his suggests, at least to Plaintiff's counsel, that Gourmia may be avoiding formal service of process or has no interest in en[tertain]ing these lawsuits." (ECF No. 25, PageID.230.)

It is not clear to the Court why Mr. Kress' attempt at service through the New York Secretary of State suggests that Defendant is evading service. But even if it did suggest this, difficulty in serving Defendant in a previous case does not excuse Mr. Kress from attempting to properly serve Defendant in this case.

Mr. Kress does not provide any further information on his attempts at service in *this* case. Mr. Kress states that "'Customer Support' employees are the only individuals, despite multiple attempts, that Plaintiff has been able to serve at Defendant's registered address." (*Id.* at PageID.229.) However, it seems that these "multiple attempts"

2

occurred in his previous case and not in this case. It appears that Mr. Kress has not attempted to serve anyone except customer service representatives in this case. And, as Mr. Kress acknowledges, serving Defendant's customer service representatives is not a proper way to serve Defendant.[1] (*Id.*)

Even though Mr. Kress has not provided a valid reason why the case should not be dismissed under Rule 4(m), the Court nonetheless gives him one more chance to either serve Defendant properly or to file a motion for alternative service before this case is dismissed. The Court reminds Mr. Kress that he must comply with Federal Rule of Procedure 4 and the applicable state law on service.

Michigan law provides that "on a showing that service of process **cannot reasonably be made** as provided by this rule, the court may by

---

[1] The Court is concerned with Mr. Kress' actions in this case. He first served a customer service representative on August 9, 2022. (ECF No. 8.) Despite knowing that service was not made properly, Mr. Kress continued to prosecute the case as if there were no service issues. For example, he proceeded to bring a motion for default judgment and appear at the May 25, 2023 hearing on that motion. At no point before the May 25, 2023 hearing—when the Court raised the service issue on its own—did Mr. Kress inform the Court about his difficulties in serving Defendant or the fact that he had served only customer service representatives. The Court cautions Mr. Kress that he must follow the Rules of Professional Conduct, including the rule on a lawyer's duty of candor towards the Court. *See* Model Code of Pro. Conduct r. 3.3 (Am. Bar. Ass'n 2023); MRPC 3.3; Minnesota Rule of Professional Conduct 3.3.

order permit service of process to be made in any other manner **reasonably calculated** to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1) (emphasis added). Further,

> [a] request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. **The motion must set forth sufficient facts to show that process cannot be served** under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party **must set forth facts showing diligent inquiry to ascertain it**.

Mich. Ct. R. 2.105(J)(2) (emphasis added).

A motion for alternative service must set forth in detail Plaintiff's attempts to serve Defendant **in this case** and show that it is not possible to serve Defendant through typical means. It must also explain why the requested method of service will give Defendant actual notice of the proceedings. Vague references to "additional research" are not sufficient to show that Defendant is connected with a particular address. (ECF No. 25, PageID.230.) Finally, the motion must be signed by local counsel, who must appear in this case—pursuant to Local Rule 83.20(f)—by **June 20, 2023**. Plaintiff must serve Defendant properly or file a motion for

4

alternative service by **June 23, 2023**. Failure to comply with any of these requirements will result in dismissal of this case under Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: June 12, 2023　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2023.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager